UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EARLIE B.A. BERRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00250-JMS-DLP |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Earlie B.A. Berry, Jr. for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-01-0059. For the reasons explained in this Order, Mr. Berry's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 21, 2017, Correctional Officer Cooper wrote a Conduct Report charging Mr. Berry with B-235, resisting. Dkt. 9-1. The Conduct Report states:

> On 1-21-17, at approximately 1624 pm, I C/O Cooper #260 was conducting an escort of Offender Berry, Earlie DOC# 932151. Just before entering the holding cell in DRHU's lobby, the offender physically resisted by spinning around and pulling his arms from my grip. I identified the offender by his state issued ID and notified him of this conduct report.

Dkt. 9-1 at 1. DRHU refers to the Disciplinary Restrict Housing Unit at Putnamville Correctional Facility (Putnamville). Correction Officer Rigsby submitted a back-up statement, which states:

> On 1-21-17, at approximately 1624 pm, I C/O Rigsby #264 observed Offender Berry, Earlie DOC# 932151 physically resist C/O Cooper #260. Just before entering the holding cell in DRHU's lobby, the offender spun around and pulled his arm from C/O Cooper's grip. I identified the offender by his state issued ID and notified him of this conduct report.

Dkt. 9-1 at 2.

Mr. Berry was notified of the charge on January 25, 2017, when he received the Screening Report. He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses. Dkt. 9-3. He asked for the "video" as physical evidence. *Id.*

The Disciplinary Hearing Board determined that allowing Mr. Berry to view the video recorded evidence would jeopardize the safety and/or security of the facility. Thus, the hearing officer viewed the video evidence and completed a summary of the video, which states:

> On 1.21.17 at approx. 1624 Officer Cooper can be seen escorting you (Berry, Earlie #932151) into the holding cell in DRHU. It appears that once you enter the cell you turn to the right and away from Cooper.

Dkt. 9-6.

The prison disciplinary hearing was held on January 30, 2017. According to the notes from the hearing, Mr. Berry stated:

> I have brace on my wrist, and at the time didn't have my brace on. When they twist I just asked them not to do that, then several jumped on me and I keep asking them not to do that. I was unruly cussing and everything.

Dkt. 9-7. Based on the staff reports, Mr. Berry's statement, and video evidence, the hearing officer found Mr. Berry guilty of B-235, resisting. The sanctions imposed included sixty days of earned-credit-time deprivation and the imposition of the suspended sanction from disciplinary proceeding No. ISF 17-01-0059 of sixty days of earned-credit-time deprivation.

Mr. Berry appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Berry asserts five grounds to challenge his prison disciplinary conviction: (1) he suffers from carpal tunnel syndrome and needs to wear wrist braces; (2) Officer Cooper failed to follow IDOC policy before applying restraints and applying unnecessary excessive force to provoke Mr. Berry; (3) his hearing was unfair and not impartial because his hearing officer refused to postpone the hearing and allow Mr. Berry to obtain medical records; (4) Mrs. Bleek refused to document at screening that he wanted to bring medical documents to the hearing; and (5) double jeopardy. Dkt. 2. The respondent argues that violations of DOC policies are not cognizable in federal habeas corpus actions, that the hearing officer was not required to consider Mr. Berry's medical records, Mr. Berry received a fair hearing, and his conviction did not violate the double jeopardy clause. Dkt. 9 at 6-10. In his reply, Mr. Berry asserts that he was denied the opportunity to present document evidence in his defense to show that he needed to wear wrist braces and the officers failed to let him wear them. Dkt. 34 at 2-3. He also asserts there was not "some evidence" to

support the hearing officer's decision. Dkt. 34 at 2. Finally, he reiterates he was denied an impartial hearing officer. Dkt. 34 at 6.

1. IDOC Policy

Mr. Berry alleges that IDOC personnel failed to follow IDOC policy related to allowing him to wear his wrist braces for his carpal tunnel.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Berry is not entitled to relief on this basis.

2. Double Jeopardy

Mr. Berry alleges his conviction violates the double jeopardy clause, but his arguments in support do not relate to any allegation of double jeopardy. *See* dkt. 2 at 7.

4

"The Double Jeopardy Clause prohibits a second prosecution for the same offense following an acquittal and the imposition of multiple punishments for the same crime." *United States v. Taylor*, 777 F.3d 434, 439 (7th Cir. 2015). But "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 Fed. Appx. 855, 858 (7th Cir. 2004); *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) ("Prison discipline, however, does not constitute 'punishment' or 'prosecution' for double jeopardy purposes." (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994))); *see also Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Thus, to the extent Mr. Berry has a double jeopardy claim, he is not entitled to habeas relief on this basis.

### 3. Impartial Hearing Officer

Mr. Berry asserts his hearing officer was not impartial because his hearing officer refused to postpone the hearing to allow him to submit medical documents at the hearing.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly

or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Here, there is no suggestion that the hearing officer was involved in the factual events underlying the disciplinary charges. Nor is there clear evidence to the contrary that overcomes the presumption of honesty and integrity that the hearing officer is entitled to. Thus, to the extent Mr. Berry is challenging the impartiality of the hearing officer, the claim must be rejected.

### 4. Denial of Evidence

Mr. Berry asserts that Mrs. Bleek refused to document at screening that he wanted to bring medical documents to the hearing. He subsequently was not permitted to present his medical records during the hearing, and asserts this was a violation of his due process rights.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Even if prison officials unjustifiably deny a timely evidentiary request, federal habeas relief is available only if the denial resulted in prejudice (i.e., was not harmless). *Jones*, 637 F.3d at 847–48; *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015). Mr. Berry's medical records are not exculpatory because the need for wrist braces does not undermine or contradict that he resisted when Officer Cooper was escorting Mr. Berry into a cell. Nor are the medical records

material as it did not create a "reasonable probability" of a different result. Thus, because Mr. Berry fails to show the medical records would have been exculpatory evidence or that he was prejudiced by the denial of the evidence, habeas relief on this ground is not available.

     5.     <u>Sufficiency of the Evidence</u>

Mr. Berry alleges that he suffers from carpal tunnel syndrome and needs to wear wrist braces. He states that on the day in question, Officer Cooper refused to let him wear his wrist braces, and when Officer Cooper used excessive force, it caused him to naturally resist. Mr. Berry is essentially challenging the sufficiency of the evidence on the basis that his medical need is an affirmative defense to his actions.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-235 is entitled "Fleeing/Resisting," and is defined as: "[f]leeing or physically resisting a staff member in the performance of his/her duty." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

7

In this case, Officer Cooper, in his Conduct Report, and Officer Rigsby, in his back-up statement, testified that Mr. Berry spun around and pulled his arms from Officer Cooper's grip. This is "some evidence," under *Ellison*, to support the hearing officer's decision that Mr. Berry was "physically resisting [Officer Cooper] in the performance of [his] duty."

Moreover, Mr. Berry's defense that he was subject to excessive force that caused him to naturally resist is not supported by the video evidence. The Court reviewed the video evidence, submitted as confidential exhibit J, dkt. 13 (*ex parte*). For the first thirty seconds, Mr. Berry, with his hands handcuffed behind his back, can be seen on the video being escorted by Officer Cooper. Mr. Berry does not appear to be reacting poorly to the handcuffs on his wrist. Immediately, after being escorted into the holding cell, without any obvious signs of excessive force from Officer Cooper, Mr. Berry is seen abruptly spinning away from Officer Cooper. Thus, Mr. Berry's defense that he was subject to excessive force is not exculpatory where the video evidence does not support his assertion. Thus, Mr. Berry's challenge to the sufficiency of the evidence must be rejected.

6. Civil Rights Claim

Finally, Mr. Berry alleges in his reply brief that his Eighth Amendment rights were violated, dkt. 34 at 4. Mr. Berry's petition cannot proceed as both a petition for writ of habeas corpus and a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages for constitutional violations, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). Thus, the Court will not consider any civil rights claims raised by Mr. Berry here, and no habeas relief is available on this newly raised ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Berry to the relief he seeks. Accordingly, Mr. Berry's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/5/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov